IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| REX REAL ESTATE I, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-371 |
| | § | |
| REX REAL ESTATE EXCHANGE INC., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Rex Real Estate I, L.P. ("Rex Real Estate") files this Complaint against Defendant Rex Real Estate Exchange Inc.

### I.   PARTIES

1.   Plaintiff Rex Real Estate is a Texas limited partnership with its principal place of business at 12400 Preston Rd., Suite 100, Frisco, Texas 75033.

2.   Defendant Rex Real Estate Exchange Inc. is a Delaware corporation with its principal place of business at 21550 Oxnard St., Suite 100, Woodland Hills, CA 91367. Defendant may be served by serving its registered agent or wherever else Defendant may be found.

### II.   JURISDICTION AND VENUE

3.   This court has jurisdiction over the subject matter under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  This Court

1

has pendent jurisdiction of all claims arising under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

4. Defendant regularly and systematically conduct business in the State of Texas and in this District by advertising and soliciting customers for the purchase and sale of real estate in this District. Accordingly, Defendant is subject to the personal jurisdiction of this Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the acts and omissions complained of herein occurred in this District.

## III.
## FACTS

### Rex Real Estate Marks

7. Rex Real Estate is a very well-known owner, operator and provider of real estate acquisition, brokerage and investment services ("Rex Real Estate Services").

8. Rex Real Estate is the owner of the unique and proprietary trademarks, service marks and tradenames "REX" and "REX REAL ESTATE," in both word and design formats (collectively, the "REX REAL ESTATE Marks") which it uses in interstate commerce, including without limitation throughout the State of Texas, in connection with its marketing and sale of the Rex Real Estate Services nationwide.

9. Since at least as early as January 1, 1987, Rex Real Estate has engaged in the above-referenced business in interstate commerce by using its Rex Real Estate Marks in connection with the Rex Real Estate Services. Rex Real Estate's ownership of the REX REAL ESTATE Marks is evidenced, in part, by its U.S. Patent and Trademark Office Registration No. 4,670,686, as well as by tradename and corporate level filings by Rex Real Estate with the Office of the Texas Secretary State at least as early as 1991.

10. As a result of its extensive nationwide marketing efforts and its continuous use of the REX REAL ESTATE Marks in U.S. interstate commerce for more than thirty (30) years, Rex Real Estate has developed very substantial rights and goodwill in the REX REAL ESTATE Marks, and the public has come to associate such marks with Rex Real Estate as the source of origin of its highly regarded Rex Real Estate Services.

11. Rex Real Estate's commercial Internet website is among the numerous avenues used by Rex Real Estate in the marketing and sale of its Rex Real Estate Services, such website being linked to its proprietary Uniform Resource Locator or domain name "REXREALESTATE.COM" ("Rex Real Estate Domain").  The Rex Real Estate Domain and Rex Real Estate's commercial website associated therewith are interactive and customers and potential customers of Rex Real Estate use such website to view and/or purchase the Rex Real Estate Services.  Rex Real Estate uses the Rex Real Estate Marks extensively throughout its Rex Real Estate Domain and its commercial website associated therewith.  Accordingly, the Rex Real Estate Domain is a common law trademark used by Rex Real Estate.

12. Rex Real Estate is the exclusive owner of the Rex Real Estate Marks and the Rex Real Estate Domain.

## IV.
## CAUSES OF ACTION

### Count I:  Federal Trademark Infringement

13. Defendant is in the business of providing real estate brokerage services, as well as computer software for use in search and displaying real estate information on a global computer network. Defendant further operates a commercial website under the domain www.rexchange.com for purposes of online advertising and sale of its referenced real estate services via the Internet.  Defendant is presently advertising, offering for sale, and selling such

services (which are substantially related to and directly competitive with the Rex Real Estate Services) by use of the designations, among others, "REX," "REX REAL ESTATE," "REX – REAL ESTATE EXCHANGE," "REXCHANGE" and similar variants thereof (the "Infringing Marks").  The Infringing Marks are identical to or substantially identical to, or are otherwise confusingly similar to the REX REAL ESTATE Marks.

14. Decades after Rex Real Estate began its continuous and uninterrupted use of its REX REAL ESTATE Marks for its Rex Real Estate Services, Defendant filed U.S. Service Mark Application Ser. Nos. 87/303,446 and 87/550,333 for the Infringing Marks with the U.S. Patent and Trademark Office (on January 16, 2017 and July 31, 2017, respectively).

15. Defendant's use of the Infringing Marks has been with constructive and actual notice of Rex Real Estate's exclusive right to use the REX REAL ESTATE Marks.  Defendant has intentionally infringed upon the REX REAL ESTATE Marks by using the Infringing Marks.

16. The natural and probable consequence of Defendant's use of the Infringing Marks has been and will continue to be that the public and consumers are very likely be confused, misled, and deceived by the similarity of the Infringing Marks to the REX REAL ESTATE Marks, and that such persons who are seeking the Rex Real Estate Services will be mistakenly led to deal with the Defendant.

17. Upon learning that Defendant was using the Infringing Marks, Rex Real Estate made written demand that Defendant (on May 10, 2018) cease using the Infringing Marks on the grounds of, among other things, their confusing similarity to the Rex Real Estate Marks.  Despite receipt of such demand, however, Defendant has intentionally further continued to unlawfully infringe upon the REX REAL ESTATE Marks by using the Infringing Marks.  As a result, consumers who would ordinarily do business with Rex Real Estate have likely done business

with, and are likely to continue to do business with Defendant believing they were and/or are doing business with Rex Real Estate, and/or that they were and/or are obtaining the Rex Real Estate Services, thereby resulting in monetary damages and lost profits to Rex Real Estate.

18. Additionally, Defendant's infringement upon the Rex Real Estate Marks has caused damage to Rex Real Estate's goodwill, as well as other immeasurable damages. For the harm and loss suffered by Rex Real Estate, and for the harm and loss that will continue but for intervention of this Court, Rex Real Estate has no adequate remedy at law. Unless Defendant is enjoined from further infringement and unfair competition, Rex Real Estate will suffer irreparable harm because the damages sustained will be immeasurable, unpredictable, and unending. Moreover, the Lanham Act and applicable state law specifically provide for injunctive relief to prevent further infringement of the Rex Real Estate Marks.

19. The Infringing Marks are identical to or substantially identical to, or are otherwise confusingly similar to the Rex Real Estate Marks.

20. Defendant's aforementioned actions have caused and are likely to continue to cause confusion, or to cause mistake, or to deceive customers and others as to the affiliation, connection, or association of Rex Real Estate with the Defendant, or as to the origin, sponsorship or approval of Defendant's services by Rex Real Estate in violation of 15 U.S.C. §§ 1114 and 1125.

### Count II: Unfair Competition Under The Lanham Act

21. Defendant's above-referenced actions further constitute unfair competition under 15 U.S.C. § 1125 and have caused and are likely to continue to cause confusion, or to cause mistake, or to deceive customers and others as to the affiliation, connection, or association of

5

Rex Real Estate with Defendant, or as to the origin, sponsorship or approval of Defendant's services by Rex Real Estate in violation of 15 U.S.C. §§ 1114 and 1125.

22. Defendant's aforementioned wrongful acts and unfair competition have caused, and are likely to continue to cause, Rex Real Estate to incur substantial damages. Accordingly, Rex Real Estate seeks recovery from Defendant of all amounts it is entitled to under 15 U.S.C. § 1117(a), including without limitation: (1) Defendant's profits from the sale of each service marketed, advertised, sold or rendered using the Infringing Marks; (2) all damages sustained by Rex Real Estate; (3) the costs of the action; and (4) an additional amount the Court considers just.

### Count III: Unfair Competition And Deceptive Trade Practices Under Applicable State Law

23. The above-referenced acts of Defendant also constitute unfair competition and deceptive trade practices in violation of applicable state law for which Rex Real Estate seeks recovery of all its damages.

### Count V:  Unjust Enrichment

24. Defendant has taken and infringed upon the REX REAL ESTATE Marks for their own commercial benefit without compensation to Rex Real Estate. As a result, Defendant has unjustly profited from the goodwill and reputation associated with the REX REAL ESTATE Marks upon which Defendant unlawfully infringed. Accordingly, Rex Real Estate seeks a full accounting and recovery from Defendant for the benefits and profits they have unjustly received.

### Count VI: Common Law Unfair Competition

25. The foregoing acts of Defendant constitute unfair competition, passing off, unjust enrichment, and misappropriation of Rex Real Estate's rights in that such acts permit, and will continue to permit, Defendant to use and benefit from the goodwill and reputation earned by Rex

Real Estate, for Defendant's purpose of obtaining immediate customer acceptance for the real estate brokerage services offered for sale and sold by them under the Infringing Marks, on the basis of a reputation not established in Defendant's own right, and to give Defendant's services a marketability they would not otherwise have, all at Rex Real Estate's expense.

26.     Defendant continues offering services under marks which are substantially and confusingly identical to the REX REAL ESTATE Mark and will continue to constitute acts of unfair competition, passing off, unjust enrichment, and misappropriation by Defendant against Rex Real Estate, thereby causing irreparable harm to Rex Real Estate.

27.     The foregoing acts of Defendant accordingly constitute unfair competition, passing off, unjust enrichment, and misappropriation in violation of applicable state common law.

### Count VII: Injury To Business Reputation And State Statutory And Common Law Dilution

28.     The foregoing acts of Defendant have resulted in dilution of the distinctive quality of the REX REAL ESTATE Marks and have destroyed and continue to destroy the goodwill and reputation established by Rex Real Estate in connection with the REX REAL ESTATE Marks, thereby causing Rex Real Estate irreparable harm.

29.     The foregoing acts of Defendant accordingly constitute dilution of the distinctive quality of the REX REAL ESTATE Marks, in violation of applicable state statutory and common law.

### Count VIII: Application For Injunctive Relief

30.     As set forth above, Defendant's actions in violation of the Lanham Act and their violation of applicable state law have caused, and are continuing to cause, substantial and irreparable damage to Rex Real Estate for which there is no adequate remedy at law.  Rex Real

Estate is, therefore, entitled to an injunction preventing the Defendant's continued infringement, including an injunction against the Defendant's continued use of the Infringing Marks. Defendant has improperly used and will continue to improperly use the Infringing Marks unless prevented from doing so by this Court.  While the Defendant continues to illegally use the Infringing Marks, Rex Real Estate will continue to lose control over its own reputation and goodwill and the public and consumers will continue to likely be confused, misled, and deceived by the similarity of the Infringing Marks to the REX REAL ESTATE Marks.

31.     Rex Real Estate requests that Defendant, its employees, representatives, agents, partners, members, shareholders, and others acting in concert with Defendant be enjoined from: (1) advertising, marketing, selling or rendering any product service or otherwise using or continuing to use the Infringing Marks or any other mark or domain name anywhere, including in the State of Texas, that is confusingly similar to the REX REAL ESTATE Marks; (2) representing to any other person or entity that Defendant has authority to use the REX REAL ESTATE Marks; and (3) representing to any person or entity that Defendant's services are in any manner associated with, connected to, related to, sponsored by, affiliated with, endorsed by, approved by or recommended by Rex Real Estate.

### Count IX:  Attorneys' Fees

32. Due to the Defendant's wrongful conduct as alleged herein, Rex Real Estate has retained the undersigned law firm to represent it and prosecute this action on its behalf, and will pay their reasonable attorneys' fees and expenses for prosecuting this action.  Because Defendant's actions have been willful and deliberate, this is an exceptional case for which attorneys' fees are recoverable under 15 U.S.C. § 1117(a) and/or applicable state law, pursuant to which Rex Real Estate requests an award of its attorneys' fees, costs, and expenses incurred in prosecuting this lawsuit.

### V.
### JURY DEMAND

37. Rex Real Estate respectfully demands a jury.

### VI.
### RELIEF SOUGHT

Rex Real Estate respectfully requests that Rex Real Estate be awarded the following relief from the Defendant:

(a) That Defendant and all persons acting in concert with Defendant be preliminarily and permanently enjoined from: (1) advertising, marketing, selling or rendering any service under or otherwise using or continuing to use the Infringing Marks or any other mark or domain name that is confusingly similar to the REX REAL ESTATE Marks, (2) representing to any other person or entity that Defendant has authority to use the REX REAL ESTATE Marks in the State of Texas, and (3) representing to any other person or entity that Defendant or its services are in any manner associated with, connected to, related to, sponsored by, affiliated with, endorsed by, approved by or recommended by Rex Real Estate;

(b) That Defendant be required to report to Rex Real Estate at least every thirty (30) days its compliance with the preliminary injunction and the permanent injunction;

(c) That Rex Real Estate receive and recover from the Defendant all of: (1) Defendant's profits from each service marketed, advertised or sold using the Infringing Marks; (2) all damages sustained by Rex Real Estate; (3) costs of court; (4) statutory damages allowed by the Lanham Act; and (5) any additional amount that the Court determines to be just;

(d) That Defendant be ordered to file Express Abandonment (Withdrawal) Of Application with the U.S. Patent and Trademark Office concerning each of Defendant's U.S. Service Mark Application Ser. Nos. 87/303,446 and 87/550,333 for the Infringing Marks;

(e) That Rex Real Estate receive and recover from the Defendant Rex Real Estate's actual damages under applicable state statutory and common law;

(f) That the Defendant be ordered to pay Rex Real Estate its reasonable costs, expenses, and attorneys' fees incurred in prosecuting this action, including any appeal;

(g) That Rex Real Estate be awarded pre and post-judgment interest to the maximum extent allowed by law; and

(h) That Rex Real Estate be awarded such other and further relief to which it may be justly entitled.

Date:  May 18, 2018                                        Respectfully submitted,

/s/ Charles E. Phipps
Charles E. Phipps
Texas State Bar No. 00794457
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201
Telephone:  (214) 740-8441
Facsimile:  (214) 756-8441
E-Mail:  cphipps@lockelord.com

Robert E. Nail
Texas State Bar No. 24025556
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201
Telephone:  (214) 740-8779
Facsimile:  (214) 756-8779
E-Mail:  RNail@lockelord.com

ATTORNEYS FOR PLAINTIFF
REX REAL ESTATE I, L.P.