UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **REX REAL ESTATE I, L.P.,** § | |
| *Plaintiff* § | |
| § | |
| v. § | No. A-19-CV-00696-RP |
| § | |
| **REX REAL ESTATE EXCHANGE** § | |
| **INC.,** § | |
| *Defendant* § | |

### ORDER

Before the Court are Plaintiff Rex Real Estate I, L.P.'s Motion to Strike Defendant's Rebuttal Expert Witness Designation of Philip G. Hampton, II and Exclude Testimony, Dkt. 100-1; Defendant Rex Real Estate Exchange, Inc.'s Motion to Strike New Opinion of Jeffrey A. Stec, Ph.D. Concerning Secondary Meaning, Dkt. 184; and all related briefing. Having considered the briefing, the arguments made at the hearing, the evidence, and the relevant law, the Court issues the following order.

### I.   BACKGROUND

Plaintiff Rex Real Estate I, L.P initiated this lawsuit against Defendant Rex Real Estate Exchange, Inc. in 2019 based on Defendant's allegedly improper use of the mark "Rex" in its real estate business. Dkt. 1, at 2-3. Plaintiff brought claims against Defendant for trademark infringement and unfair competition under federal and state law, as well as causes of action for unjust enrichment and dilution under state law. *Id.* at 3-9. Both parties filed motions for summary judgment, which

1

were denied by the District Court in September 2020. Dkts. 139; 140; 163. Trial in this case is set to begin on April 8, 2022. Dkt. 182.

The pending motions addressed in this order revolve around the propriety of certain expert testimony proffered by each party in advance of trial. Dkts. 100-1; 184. The parties each contend that the opposing party's expert testimony is untimely, inadmissible, or outside the scope of proper rebuttal testimony, or that the expert is unqualified to offer their proposed testimony. *See id.* The Court held a hearing on these motions on March 31, 2022, and will address the parties' arguments below. Dkts. 194; 199.

## II. LEGAL STANDARD

The Supreme Court acknowledged in *Daubert v. Merrell Dow Pharmaceuticals* that Federal Rule of Evidence 702 is the proper standard for determining the admissibility of expert testimony. 509 U.S. 579, 597-98 (1993). Under *Daubert* and Rule 702, the district court must act as a "gatekeeper" by ensuring that an expert's testimony rests on a reliable foundation. *Id.*; Fed. R. Evid. 702. Courts must admit expert testimony if (1) the expert is qualified; (2) the evidence is relevant to the litigation; and (3) the evidence is reliable. *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 782 (N.D. Tex. Nov. 20, 2013). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire v. Carmichael*, 526 U.S. 137, 147 (1999).

Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d

442, 452 (5th Cir. 2009). Nonetheless, courts need not admit testimony that is based purely on the unsupported assertions of the expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The focus of the reliability inquiry is on the principles and methodology an expert uses in forming her opinions rather than the expert's conclusions. But in conducting the reliability analysis, the Court must also consider whether, for a given conclusion, "there is simply too great an analytical gap between the data and the opinion proffered." *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997). The party proffering expert testimony has the burden of establishing that the challenged testimony is admissible. Fed. R. Evid. 104(a).

### III.   ARGUMENT

#### A.   Hampton Rebuttal Report

Plaintiff moved to strike Defendant's Rebuttal Expert Witness Designation of Philip G. Hampton, II, arguing that Hampton's testimony should be excluded because his opinions exceed the scope of a rebuttal report, and he is not qualified to offer testimony on damages or actual confusion. Dkt. 100-1; Dkt. 199. Defendant responded that Hampton's inclusion of evidence that was not addressed by Plaintiff's damages expert does not render his rebuttal report outside the subject matter of Plaintiff's expert report, but rather rebuts the damage models presented by Plaintiff's expert, Dr. Jeffrey A. Stec. Dkt. 104, at 2, 6-9. Moreover, Defendant contends that Hampton is an "expert on trademark theory and practice," and as

3

such, is qualified to offer his opinion on the damages models offered by Dr. Stec. *Id.* at 9-11.

Initially, the Court rejects the argument that Hampton is not qualified to offer rebuttal testimony on actual confusion or Plaintiff's theory of damages. Contrary to Plaintiff's assertion that "that general qualifications in the area trademark law are insufficient to qualify an expert" to testify on actual confusion or damages, Hampton's 40 years of experience practicing trademark prosecution, and serving as Assistant Commissioner for Trademarks at the USPTO, render him sufficiently qualified to offer a rebuttal opinion on these topics. Dkts. 100-1, at 5; 100-3, at 6-9; *MGE UPS Sys., Inc. v. Power Maint. Int'l, Inc.*, No. 4:04-CV-929-Y, 2007 WL 9711470, at *2 (N.D. Tex. Mar. 23, 2007) ("past experience in valuing trade secrets and negotiating license fees for trade secrets while acting as in-house counsel for various high-tech companies g[a]ve [expert] sufficient expertise to opine about [plaintiff]'s alleged damages"); *Children's Med. Ctr. of Dallas v. Columbia Hosp. at Med. City Dallas Subsidiary, L.P.*, No. 3-04-CV-2436-BD, 2006 WL 616000, at *5 (N.D. Tex. Mar. 10, 2006) (denying motion to strike as expert attorney and law professor testimony on actual confusion in trademark case). Hampton need not possess additional qualifications to provide an opinion on actual confusion or damages in this case, especially given that he does not opine on the calculation of damages, but rather the propriety of the damage models themselves. *See* Dkt. 100-3; *MGE*, 2007 WL 9711470 at *2; *see also Children's Med. Ctr.*, 2006 WL 616000 at *5.

Plaintiff next argues that Hampton's report contains evidence that brings it outside that subject matter of Dr. Stec's report, making it improper rebuttal testimony. Dkt. 100-1, at 3-5. Plaintiff highlights two portions of Hampton's report that it contends do not "solely" serve to rebut the opinions Dr. Stec presented in his report: (1) Hampton's examination of Plaintiff's trademark applications to the USPTO; and (2) other third-party uses of the term "Rex." Dkts. 100-1, at 3-5; 100-3, at 10-19. Plaintiff argues that these sections consist of subjects that its expert did not address in his report, while Defendant insists that it "is axiomatic that a rebuttal expert may properly point out material the opposing expert has failed to consider or to consider properly, discuss the significance of the missing information or analysis as it pertains to the opposing expert's opinion and offer an opinion in rebuttal concerning the reliability of the opposing expert's opinion as a result." Dkts. 100-1, at 3-5; 104, at 8.

Rule 26 allows for the designation of a rebuttal expert witness "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)". Fed. R. Civ. P. 26(a)(2)(D)(ii). "A 'rebuttal' report explains, repels, counteracts, or disproves evidence of the adverse party's initial report." *CEATS, Inc. v. TicketNetwork, Inc.*, No. 2:15-CV-01470-JRG-RSP, 2018 WL 453732, at **3** (E.D. Tex. Jan. 17, 2018). To determine whether Hampton's report is properly considered a rebuttal report, the Court considers: "(1) the evidence the rebuttal expert purports to contradict or rebut; (2) whether the rebuttal evidence is on the same subject matter as the opposing expert's report; and (3) whether the

5

rebuttal evidence is intended solely to rebut or contradict the opposing expert's evidence." *United States v. Austin Radiological Ass'n*, No. A-10-CV-914-LY, 2014 WL 2515696, at *4 (W.D. Tex. June 4, 2014).

Having considered these factors, the Court finds that Hampton's opinions are within the scope of those allowed as rebuttal testimony because, even considering his additional evidence, his report addresses the same subject matter as Plaintiff's expert report. First, the Hampton report seeks to rebut the three damage models presented by Dr. Stec in his report: (1) corrective advertising; (2) unjust enrichment; and (3) reasonable royalty damages. *Compare* Dkt. 100-2, at 3-4, 9-11, *with* Dkt. 100-3, at 20-22. Second, Hampton's rebuttal report—while including new evidence—addresses the same damage models as Dr. Stec's report. *See* Dkt. 100-3, at 20-22. Indeed, Hampton repeatedly references the additional evidence he presented earlier in his report regarding Plaintiff's trademark applications and other third-party uses of the term "Rex" when directly addressing the damages models presented by Dr. Stec. *Id.* at 20-22.

Specifically, Hampton rebuts Dr. Stec's royalty damages theory by opining that such a model is inappropriate where, as here, there is widespread third-party use of the term "Rex," which "mak[es] its royalty value minimal." *Id.* at 22; *see id.* at 21 (rebutting appropriateness of unjust enrichment damages based on evidence that "consumers are not aware of Plaintiff in the crowded field of 'Rex' users."); *see id.* at 20-21 (opining that corrective advertising damages "do not make sense" in this case because the mark's USPTO trademark history and widespread third-party use

6

demonstrates that Plaintiff "has failed to establish consumer association with the name 'Rex'"). Finally, the Hampton report includes new evidence for the stated goal of "show[ing] methodological flaws" in Dr. Stec's report to cast doubt on his "ultimate conclusions." *See* Dkt. 100-3; *Gibson Brands, Inc. v. Armadillio Distribution Enterprises, Inc.*, No. 4:19-CV-00358, 2021 WL 231764, at *3 (E.D. Tex. Jan. 22, 2021) (denying motion to strike where new evidence presented in rebuttal report "intended to contradict or rebut" original expert's evidence).

Because Hampton is qualified to offer his opinion on Plaintiff's expert's proffered damage theories, and his report contains proper rebuttal testimony, the Court will deny Plaintiff's motion to strike the report.

### B.     Dr. Stec Supplemental Report

Defendant moved to strike the supplemental report of Dr. Stec, which Plaintiff served on Defendant on March 23, 2022. Dkts. 184; 184-7. Defendant argues that not only is Dr. Stec's opinion untimely, his opinion regarding the 103 form declarations should be excluded because the declarations are inadmissible, and because they are not helpful to the jury. Dkt. 184, at 2-6. Plaintiff responds that the supplemental report does not introduce any new opinions, but rather cites later produced evidence to support previously disclosed opinions. Dkt. 196, at 2-7. Plaintiff further argues that the 103 form declarations Dr. Stec relies on in his supplemental report are admissible, and will help the jury resolve the issue of secondary meaning. *Id.*

While Rule 26(e) allows parties to supplement expert reports "in a timely manner" if they learn that such a report is "incomplete or incorrect," nothing in the rules allows a party to submit an entirely new expert report after the deadlines set by the trial court. Fed. R. Civ. P. 26(e)(2); *see also Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) ("the purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."). In keeping with this principle, supplemental disclosures are only permissible as a means of "correcting inaccuracies[] or filling the interstices of an incomplete report based on information *that was not available at the time of the initial disclosure.*" *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012) (citing *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006)).

Here, the disclosure of expert testimony was due on March 27, 2019, and expert discovery concluded on November 15, 2019. Dkts. 22; 95, at 2. Plaintiff served Dr. Stec's supplemental report on March 23, 2022, the evening before the final pretrial conference, and just over two weeks before trial is set to begin in this case. Dkts. 181; 182; 184-7.[1] Dr. Stec's supplemental report is thus untimely, and the Court must assess the propriety of exclusion of the declaration under the criteria set forth in Rules 16 and 37. Fed. R. Civ. P. 16(f) (court may sanction

---

[1] Moreover, contrary to Plaintiff's assertion that the supplemental report offers no new opinions, but rather "merely recognizes" new evidence, Dr. Stec previously testified that he was not offering an opinion on secondary meaning in this case—a topic he addresses in his recently served supplemental report. Dkts. 184-6, at 5; 186-7.

8

party's failure to comply with scheduling order by excluding evidence); Fed. R. Civ. P. 37(c); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

Under Rule 37, the Court considers: (1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Russell v. Wal-Mart Stores*, No. 1:06-CV-408, 2007 WL 9725186, at *2 (E.D. Tex. Jun. 7, 2007) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)); *Kumar v. Frisco Indep. Sch. Dist.*, 476 F. Supp. 3d 439, 467 (E.D. Tex. 2020) ("The Court considers the same four factors under Rule 16(b) that it considers under Rule 37(c)."). Plaintiff did not address the Rule 37 criteria in their response or at the hearing on this motion, Dkts. 196, 199, and careful consideration of these factors reveals that Dr. Stec's supplemental report should not be allowed into evidence on the eve of trial.

While Dr. Stec's new testimony regarding secondary meaning certainly may be important to Plaintiff's case, the remaining factors weigh against allowing the untimely report into evidence. *Barrett*, 95 F.3d at 382 (district court did not abuse discretion in excluding untimely expert even where "the exclusion of the experts damaged [plaintiff's] case"). Plaintiff contends that Defendant did not raise the issue of lack of secondary meaning until the summary judgment phase, yet the order on the parties' summary judgment motions was entered in September 2020, and Plaintiff fails to identify any reason for its failure to supplement Dr. Stec's report until two weeks before trial is set to begin in this case. Dkts. 153; 196; *Betzel*

9

*v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (exclusion of expert witnesses "is particularly appropriate" where the party has "failed to provide an adequate explanation" for delay).

Moreover, a continuance is not available here, as trial begins later this week, and Defendant has demonstrated that it would be prejudiced by the admission of the supplemental report since it "has had no opportunity to test Dr. Stec's opinion through deposition or a Daubert motion, or to provide its own expert opinion in rebuttal." Dkt. 184, at 3; *Barrett*, 95 F.3d at 381 (affirming exclusion of untimely expert testimony where plaintiffs "offered no reason to believe a continuance would have cured their dilatory behavior"); *Kumar*, 476 F. Supp. 3d at 470 ("courts within the Fifth Circuit recognize that making untimely, substantive changes to expert reports presents real prejudice to the other side, and courts routinely disallow litigants from making untimely disclosures."). The Court will grant Defendant's motion to strike Dr. Stec's untimely supplemental expert report.

### IV.     CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Plaintiff's Motion to Strike Defendant's Rebuttal Expert Witness Designation of Philip G. Hampton, II and Exclude Testimony, Dkt. 101-1, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike New Opinion of Jeffrey A. Stec, Ph.D. Concerning Secondary Meaning, Dkt. 184, is **GRANTED**.

SIGNED April 5, 2022.

                                                DUSTIN M. HOWELL
                                                UNITED STATES MAGISTRATGE JUDGE