UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **REX REAL ESTATE I, L.P.,** § | |
| *Plaintiff* § | |
| § | |
| v. § | No. A-19-CV-00696-RP |
| § | |
| **REX REAL ESTATE EXCHANGE** § | |
| **INC.,** § | |
| *Defendant* § | |

# ORDER

Before the Court are Plaintiff Rex Real Estate I, L.P.'s Motion to Strike Dr. Keith R. Ugone's Untimely Expert Report Served Yesterday, Dkt. 205; Plaintiff's Motion to Strike Untimely Expert Reports Served Yesterday, Dkt. 207; and all related briefing. Having considered the briefing, the evidence, and the relevant law, the Court issues the following order.

## I.   BACKGROUND

This is a trademark infringement dispute between two real estate brokers that both use "Rex" in their names. Dkt. 1, at 2-3. Plaintiff brought claims against Defendant for trademark infringement and unfair competition under federal and state law, as well as causes of action for unjust enrichment and dilution under state law. *Id.* at 3-9. Trial in this case began today, April 8, 2022. Dkt. 182. Two days before trial, Plaintiff moved to strike the supplemental expert reports Defendant served on April 4, 2022, arguing that the reports were untimely and their admission at this late state would prejudice Plaintiff. *See* Dkts. 205; 207. Defendant responds

1

that its updated expert reports are proper and timely because they contain no new opinions, but rather contain updated information not previously available. *See* Dkts. 212-1; 213-1.

## II.     DISCUSSION

### A.     Ugone Updated Supplemental Report

Plaintiff moves to strike the updated supplemental report of Keith R. Ugone, Ph.D, and to exclude any opinions contained in the report at trial, arguing that the report contains new opinions, and as such, the supplement is "not only untimely … but is also extremely prejudicial to Plaintiff." Dkt. 205, at 4. Defendant responds that Dr. Ugone's updated supplemental report does not in fact contain any new opinion or analysis, but rather provides an updated analysis using "newly available data." Dkt. 212-1, at 4. The crux of the parties' dispute is whether the updated supplemental report contains new opinions or analysis.

Plaintiff argues that Dr. Ugone altered his opinions through his supplemental report by: (1) adding figures quantifying the percent of sales Defendant made outside of Texas to support his previously disclosed opinion that the parties operate in difference geographic markets; (2) providing an "illustrative" estimate of Defendant's profits which deducts the "cost of goods sold and seller marketing expenses directly related to the closed transactions from Rex Homes' revenues"; and (3) including a statement that Defendant reports "variable costs and variable margin for its Texas business," rather than fixed costs, when he previously

2

acknowledged the potential for fixed costs in Defendant's sales data. Dkt. 205, at 5-6.

In the challenged report, Dr. Ugone states Defendant's counsel asked him to "(a) update the analyses contained in [his prior reports] to incorporate the additional information and updated data produced (Updated Supplemental Exhibits 4-9) and (b) evaluate the economic and damages-related opinions contained in the Stec Updated Supplemental Report [served on March 23, 2022]." Dkt. 205-1, at 5. Dr. Ugone goes on to explain that "My opinions and the bases for my opinions relating to the Stec Updated Supplemental Report are contained in the remainder of this report. My opinions and the bases for my opinions as contained in the initial Ugone Rebuttal Report and Ugone Supplemental Report remain unchanged and are incorporated by reference where appropriate." *Id.* at 5-6.

Rule 26(e) requires a party to "supplement or correct" its discovery disclosures where a party learns the disclosure is incomplete or incorrect in some material respect. Fed. R. Civ. P. 26(e)(1)(A). The first category of opinions expressed by Dr. Ugone in the challenged report—*i.e.*, updating his prior analyses to "incorporate the additional information and updated data produced (Updated Supplemental Exhibits 4-9)"—is appropriate supplementation. This portion of his updated report brings his analysis current and does not contain "new opinions not contained in the original expert report," but rather serves to "prov[e] up the opinions contained in the that report" using additional, previously unavailable

3

information. *See Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012).

The second category of analysis, however—"evaluat[ing] the economic and damages-related opinions contained in the Stec Updated Supplemental Report"—is unnecessary in light of the Court's April 5, 2022, ruling granting Defendant's motion to strike Dr. Stec's March 23, 2022, report. *See* Dkt. 201. Trial testimony from Dr. Ugone rebutting now-excluded opinions of Dr. Stec will not be helpful to the jury, as required by Federal Rule of Evidence 702; to the contrary, such testimony would likely confuse the jury.

For the foregoing reasons, the Court denies the motion to strike Dr. Ugone's opinions, to the extent they are confined to the scope of his previous reports. The Court grants the motion to strike Dr. Ugone's testimony to the extent it is offered in rebuttal to opinions of Dr. Stec that were excluded by the Court's prior order (Dkt. 201). The Court observes that neither the Plaintiff nor the Defendant addressed the effect of the Court's prior order with respect to Dr. Stec's report, despite that ruling's issuance prior to the parties' briefing here. And neither party addressed their arguments to particular paragraphs of the challenged reports. The Court has no "duty to sift through the record in search of evidence" to support a party's motion, and it declines to do so here. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); *see also, e.g.*, *Richardson v. Omega Protein, Inc.*, No. CV 6:13-806, 2015 WL 13887159, at *2 (W.D. La. Apr. 9, 2015) (making this same observation in the context of a motion to strike). Nonetheless, given that trial is underway, time is of

the essence, and the Court is confident that this ruling provides sufficient clarity to the parties and the District Court to proceed with Dr. Ugone's testimony in this case.

### B. Hampton, Butler, and Parikh Supplemental Reports

Plaintiff also moves to strike the updated Hampton, Butler, and Parikh reports, arguing that they improperly seek to introduce new opinions on the eve of trial. Dkt. 207. Specifically, Plaintiff argues that the three reports seek to improperly add: "(1) additional searches conducted in the past few weeks—still more than two years after the expert discovery deadline; (2) improperly altered or new opinions in response to arguments made by Plaintiff's counsel at the March 31, 2022 motions hearing; (3) new opinions regarding the various damages models; and (4) additional critiques of Plaintiff's expert's 2019 survey." *Id.* at 2. Plaintiff did not specify which reports, let alone which sections of the new reports, contain this allegedly new information, but maintains that it is "extremely prejudiced" by the updated reports. *See id.*

Defendant responds that the updates to the Hampton, Butler, and Parikh reports are proper because they contain updates to the experts' CVs and lists of material reviewed, as well as updated figures for previously disclosed opinions from each of these experts. Dkt. 213-1, at 4-5. First, Defendant highlights that the only updates to the Butler report were to her CV and list of materials relied upon, while the only substantive change in her report served to update the states where Defendant currently operates. *Id.* at 4-5. Second, Defendant identifies the revisions

5

to the Parikh report as updating: "'(i) the states where Defendant currently operates, her CV, and list of materials reviewed; (ii) figures on Plaintiff and Defendant's average property sizes and selling prices based upon new data in Dr. Keith Ugone's updated expert report dated April 4, 2022; (iii) figures concerning the volume of Defendant's online communications through 2022; and (iv) her previously-provided opinion that "evidence of alleged actual confusion is insignificant' to account for additional instances of claimed confusion identified by Plaintiff." *Id.* at 5. Lastly, Defendant contends that the only changes to the Hampton report serve to provide "updated numbers for trademark searches referenced in his prior report, which were updated to provide the most current statistics on other uses of 'Rex' as of the time of trial," and that Plaintiff's contention that he altered his opinions on actual confusion or damages is "false." Dkt. 213-1, at 5.

Initially, the Court notes that Plaintiff did not provide any specific argument or citations regarding the supposedly new opinions contained in each of the reports. *See* Dkt. 205. As noted above, the Court has no duty to sift through the record in search of evidence to support a party's motion, and the Court will not do so with respect to these three reports either. Nonetheless, based on the Court's review, at least some of the content of the Hampton,[1] Butler, and Parikh reports appear to address the now-excluded opinions contained within Dr. Stec's March 23, 2022,

---

[1] The Hampton report appears to primarily update analysis of an earlier Stec report. *See* Dkt. 207-3, at 33 (Hampton's "Documents relied on," which does not include the March 23, 2022, Stec report). Hampton, however, as with the other experts, should not be permitted to testify regarding any Stec analysis that was struck by the Court's prior order, Dkt. 201.

report. *See, e.g.*, Dkt. 207-2, at 49 (listing materials materials considered by Butler, which do not include Dr. Stec's March, 23, 2022, report, but does include Dr. Ugone's April 4, 2022, report, which, as noted above, includes analysis of Dr. Stec's now-struck report); Dkt. 207-4, at 5 (listing materials Dr. Parikh reviewed and including the March 23, 2022, report). For the same reasons as noted above with respect to Dr. Ugone, it is unnecessary and unhelpful to have these experts offer opinions on analysis the Court has already determined is inadmissible. Accordingly, as with Dr. Ugone, the Court grants Plaintiff's motion to exclude testimony from Hampton, Butler, and Parikh to the extent they merely offer rebuttal to the excluded opinions of Dr. Stec and denies the motion in all other respects.

### III.   CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Plaintiff's Motion to Strike Dr. Keith R. Ugone's Untimely Expert Report Served Yesterday, Dkt. 205, is **GRANTED IN PART AND DENIED IN PART**. In particular, the Court grants Plaintiff's Motion to Strike testimony from Dr. Ugone to the extent he seeks to rebut the now-excluded opinions expressed by Dr. Stec in his March 23, 2022, report.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Untimely Expert Reports Served Yesterday, Dkt. 207, is likewise **GRANTED IN PART AND DENIED IN PART**. In particular, the Court grants Plaintiff's Motion to Strike testimony from Dr. Ugone to the extent he seeks to rebut the now-excluded opinions expressed by Dr. Stec in his March 23, 2022, report.

SIGNED April 8, 2022.

                                      DUSTIN M. HOWELL
                                      UNITED STATES MAGISTRATGE JUDGE