IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REX REAL ESTATE I, L.P., | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-696-RP |
| REX REAL ESTATE EXCHANGE INC., | § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Rex Real Estate I, L.P.'s ("Plaintiff") Opposed Rule 41(a)(2) Motion to Dismiss Without Prejudice. (Dkt. 272). Defendant Rex Real Estate Exchange Inc. ("Defendant") filed a response, (Dkt. 273), and Plaintiff filed a reply, (Dkt. 274). Having considered the parties' briefing, the factual record, and the relevant law, the Court will grant Plaintiff's motion and dismiss its remaining claims against Defendant without prejudice.

**I. BACKGROUND**

Plaintiff filed this case against Defendant in May 2018, asserting claims for trademark infringement, dilution, unfair competition, and unjust enrichment. (Dkt. 1). The parties litigated this case for four years, and during this time the Court denied cross-motions for summary judgment, (Dkt. 163). On April 8, 2022, the parties proceeded to trial, and on May 18, 2022, this Court granted Defendant's motion for judgment as a matter of law after Plaintiff's case in chief. (Mot, Dkt. 228; Order, Dkt. 233). On June 22, 2022, the Court entered final judgment in this case. (Dkt. 236). Plaintiff then appealed this Court's decision. (Dkt. 252).

On September 6, 2023, the Fifth Circuit issued an opinion affirming in part and reversing in part this Court's order granting Defendant's motion for judgment as a matter of law. *Rex Real Estate I, L.P. v. Rex Real Estate Exchange, Inc.*, 80 F.4th 607 (5th Cir. 2023). The Fifth Circuit held that no

reasonable jury could conclude that Plaintiff owned the trademarks at issue, and so it affirmed this Court's judgment as to Plaintiff's claims under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for alleged infringement of the marks after federal registration. *Id.* at 628. However, it also found that a reasonable jury could find in favor of Plaintiff's claims under Section 43(a), 15 U.S.C. § 1125(a), for infringement of the marks before they were federally registered. *Id.* The Fifth Circuit reversed this portion of this Court's order and remanded for further proceedings. *Id.* In accordance with the Fifth Circuit's opinion, this Court issued an order vacating its final judgment and vacating in part its order granting Defendant's Motion for Judgment as a Matter of Law. (Dkt. 270). The Court then set this case for a new jury trial date of December 4, 2023. (Dkt. 271).

On October 5, 2023, Plaintiff filed the present motion, moving to dismiss its remaining claims without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Mot., Dkt. 272). It asserts that it does not wish to retry its claims at this point because Defendant is no longer operating in Texas, and thus no longer using the allegedly infringing marks and unlikely to be able to satisfy a money judgment. (*Id.* at 1). Plaintiff argues that Defendant would suffer no prejudice because of the dismissal. (*Id.*). Defendant opposes Plaintiff's motion, arguing that dismissal at this late stage in the litigation would cause Defendant to suffer legal prejudice. (Resp., Dkt. 273, at 8). Defendant premises much of its opposition on the contention that this is an "exceptional case" that will entitle it to an award of attorneys' fees under the Lanham Act. (*See id.* at 9–16). Accordingly, Defendant requests that the Court either (1) grant Plaintiff's motion to dismiss while imposing the condition of the payment of Defendant's attorneys' fees, or alternatively (2) deny Plaintiff's motion and permit Defendant to contest Plaintiff's claims by summary judgment or trial and then allow it to seek to recover attorneys' fees and expenses. (*Id.* at 1).

## II. LEGAL STANDARD

Rule 41(a)(2) governs voluntary dismissal in instances where an answer has been filed and the defendant does not agree to dismissal. Fed. R. Civ. Pro. 41(a)(2). The rule states that an action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.* Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). As the Fifth Circuit has explained, "as a general rule, motions for voluntary dismissal should be freely granted, unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)).

In assessing whether dismissal will cause the non-moving party plain legal prejudice, the Fifth Circuit has considered various factors, including whether: (1) the plaintiff seeks dismissal to avoid an adverse ruling; (2) the plaintiff excessively delayed or lacked diligence in prosecuting the action; (3) the plaintiff inadequately explains the need for dismissal; or (4) the parties have expended significant resources preparing for trial or moving for summary judgment. *See U.S. ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197–98 (5th Cir. 2018); *Elbaor*, 279 F.3d at 317 n.3.

## III. DISCUSSION

Defendant's primary argument against Plaintiff's motion is that Defendant has been "forced to spend millions of dollars in its defense" on "claims that never should have been brought in the first place." (Resp., Dkt. 273, at 1). It argues that for the Court to permit Plaintiff to voluntarily

dismiss its remaining claims at this late stage of litigation would cause it plain legal prejudice by imposing significant legal expenses on Defendant but "allowing Plaintiff to avoid the consequences of its baseless claims." (*Id.* at 9). Defendant contends that the only way to avoid this legal prejudice is by conditioning dismissal of the remaining claims on Plaintiff's payment of Defendant's attorneys' fees and expenses, or by denying the motion to dismiss. (*Id.*). The Court disagrees. After reviewing Plaintiff's motion in light of the four factors that the Fifth Circuit has often considered when deciding if a party would be prejudiced by dismissal, the Court finds that dismissal of Plaintiff's remaining claims would not cause Defendant plain legal prejudice. In addition, because no prejudice will result and because the Court finds that this case is not an "exceptional" one under the Lanham Act, it will not impose attorneys' fees as a condition of dismissal. Accordingly, the Court will grant Plaintiff's motion to dismiss unconditionally.

### A. Plain Legal Prejudice Under Rule 41(a)(2)

First, the Court considers whether Plaintiff is seeking dismissal to avoid an adverse ruling. Defendant argues that Plaintiff is seeking to avoid an adverse ruling, either at summary judgment or at trial, because it would be "impossible" for Plaintiff to establish the elements for its remaining claims. (*Id.*). However, the Court finds no evidence of intent to avoid an adverse ruling. On the contrary, this case returned to the Court after Plaintiff's successful appeal of the Court's order entering judgment against it. The Fifth Circuit reversed in part this Court's order granting Defendant judgment as a matter of law precisely because it found that "a reasonable jury could find in favor of Plaintiff's claim under Section 43(a) for infringement of the marks before they were federally registered." *Rex Real Estate I, L.P.* 80 F.4th at 628. Where "the most recent disposition had been in the [moving party's] favor," it is "unlikely that the [moving party] filed [its] motion for dismissal out of fear of an adverse result." *Vaughn*, 907 F.3d at 197; *see also Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. App'x 274, 275 (5th Cir. 2003) (noting cases where plain legal prejudice existed because the

movant suffered an adverse legal decision prior to moving for voluntary dismissal). Indeed, as is noted below, Plaintiff has a reasonable basis for voluntary dismissal which has nothing to do with the predictability of its success at trial. Therefore, the Court does not find that Plaintiff is seeking dismissal to avoid an adverse ruling.

Second, the Court considers whether Plaintiff excessively delayed or lacked diligence in prosecuting this action. Plaintiff filed its present motion on October 5, 2023, only seven days after the Fifth Court's judgment was entered on this case's docket, (Dkt. 269), and six days after this Court reset the case for trial, (Dkt. 271). The Court finds that Plaintiff acted diligently in its filing of the present motion and finds no evidence that Plaintiff has acted with excessive delay throughout this litigation.

Third, the Court considers whether Plaintiff has adequately explained the reason it seeks voluntary dismissal. Plaintiff asserts that it is seeking dismissal because while its appeal was pending, Defendant stopped operations in Texas and elsewhere. (Mot., Dkt. 272, at 1, 4). Plaintiff explains that Defendant is no longer using the marks that are at issue in this case and would be unlikely to satisfy a money judgment even if Plaintiff were successful. (*Id.* at 4). Therefore, Plaintiff no longer wishes to retry its remaining claims. (*Id.*). Defendant has confirmed that it has ceased operations in other judicial proceedings before the Western District of Washington. *See* Transcript of Trial at 111, *REX – Real Estate Exchange Inc. v. Zillow Inc., et al.*, No. 2:21-cv-00312 (W.D. Wash. Sept. 19, 2023), ECF No. 527-1 (noting that Rex Real Estate Exchange "close[d] its doors" in May 2022). Yet Defendant does not address the state of its business in its response to the present motion. Accordingly, the Court has no reason to doubt the explanation Plaintiff provides for seeking dismissal. The Court is also reassured that Plaintiff's explanation is not pretextual because it has separately determined that Plaintiff is not acting with an intent to avoid an adverse ruling. If Defendant is no longer engaging in any allegedly infringing behavior and if Plaintiff could no longer

recover from any previous infringement, then it is reasonable that Plaintiff would no longer wish to go through the time and expense of retrying its remaining claims. The Court finds that Plaintiff's explanation for its dismissal is adequate.

Fourth, the Court considers whether the parties have expended significant resources preparing for trial or moving for summary judgment. Defendant relies on this factor in its response, noting that "this case was filed more than four years ago and has been through both trial and appeal." (Resp., Dkt. 273, at 8). Defendant cites *Davis v. Huskipower Outdoor Equipment Corporation*, 936 F.2d 193, 198–99 (5th Cir. 1991), arguing that "[w]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." (Resp., Dkt. 273, at 8). Defendant notes that in *Hukipower*, the court refused to grant dismissal after the case had been before the court for over a year and had undergone months of filings and conferences. (*Id.*). Defendant urges that the present posture of Plaintiff's motion is "far more extreme" because "this case was filed more than four years ago and has been through both trial and appeal." (*Id.* at 8). However, *Huskipower* differs in one significant way from the present case. In *Huskipower*, the district court denied the motion to dismiss after the magistrate judge had filed a "comprehensive recommendation that was averse to [the moving party's] position." 936 F.2d at 199. In this case, however, Plaintiff moves for dismissal after the most recent disposition in the case was a victory upon appeal. Therefore, *Huskipower* is easily distinguishable from the current case and offers Defendant little support.

The Court understands that this case has been ongoing for four years and both sides have expended significant resources in the litigation to date, including the jury trial that took place in April 2022, and the appeal that has recently concluded. However, this case is now in a different posture because it is on remand and once again pre-trial. And as Plaintiff argues, Defendant cannot point to any case that establishes legal prejudice based on resources that were spent before remand.

6

(Reply, Dkt. 274, at 2). Accordingly, the Court will not find that dismissal would cause Defendant plain legal prejudice solely because of the resources that were expended before remand. The Court instead finds that because Plaintiff has adequately explained its reason for dismissal, moved for dismissal expeditiously, and does not seek dismissal to avoid an adverse ruling, voluntary dismissal of its remaining claims would not cause Defendant plain legal prejudice. Because dismissal will not cause Defendant prejudice, the Court grants Plaintiff's motion to dismiss its remaining claims. *See Elbaor*, 279 F.3d at 317.

### B. Attorneys' Fees

Last, the Court addresses Defendant's request to condition voluntary dismissal on an award of attorneys' fees. At the outset, the Court notes that under Rule 41(a)(2), courts have the ability to place curative conditions on a party's voluntary dismissal. However, the court should only impose conditions if it first finds that granting the motion to dismiss unconditionally would cause plain legal prejudice. *See Elbaor*, 279 F.3d at 317. Because the Court has determined that no legal prejudice would result from allowing Plaintiff to dismiss its claims, it would be inappropriate to impose a condition of payment of attorneys' fees in this instance.

Further, the Court does not find that this case is "exceptional" under the Lanham Act such that an award of attorneys' fees is proper. Under the Lanham Act, the court may award reasonable attorneys' fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). "The determination as to whether a case is exceptional is left to the sound discretion of the trial court." *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1390 (5th Cir. 1996). The Fifth Circuit has advised that "exceptional" Lanham Act cases are a "narrow class." *Ballero v. 727 Inc.*, 744 F. App'x 871, 873 (5th Cir. 2018). In the Fifth Circuit, "an exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an

'unreasonable manner.'" *Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016) (internal citations omitted).

Defendant argues that it is entitled to attorneys' fees in this case under both prongs because "Plaintiff's claims are devoid of merit, and the manner in which Plaintiff pursued them was objectively unreasonable." (Resp., Dkt. 273, at 10). In support of its argument as to the second prong, Defendant cites unprofessional behavior that one of Plaintiff's counsel engaged in during a deposition that United States Magistrate Judge Austin called "some of the worst deposition behavior the Court has seen." (*Id.* at 8 (citing Order, Dkt. 143, at 4)). Defendant also notes other "misrepresentations" that the same counsel made at trial that led the Court to note its frustration with said counsel. (*Id.* at 8, 13–14).

The Court does not find this case to be exceptional based on the merits given that the Fifth Circuit has found that a reasonable jury could find in Plaintiff's favor on the Section 43(a) claims and remanded this case for trial on those claims. Based on the Fifth Circuit's opinion, Plaintiff's claims clearly contain merit and are thus unlike the meritless cases that typically are adjudged worthy of a fees award. *See Nursery Decals & More, Inc. v. Neat Print, Inc.*, 2022 WL 1913081, at *3 (N.D. Tex. June 3, 2022) (noting that cases are exceptional when a party has advanced "exceptionally meritless claims" or "advance[d] a position conclusively contradicted by the evidence").

The Court also finds that this case is not one in which the "unreasonable behavior" of the parties merits an award of attorneys' fees. The Supreme Court has explained that cases where "unreasonable conduct" forms the basis of an attorneys' fee award should be rare. *Octane Fitness*, 572 U.S. at 555. District courts have regularly refused to award attorneys' fees even when the parties engaged in misconduct. *See, e.g.*, *Vital Pharms., Inc. v. Monster Energy Co.*, 2022 WL 3701856, at *3–4 (S.D. Fla. Aug. 11, 2022) (denying a fees award where some of the plaintiff's statements and actions were "objectionable"); *Hutchinson Indus., Inc. v. DBL Designs, LLC*, 2022 WL 4545535, at *9–12 (Tex.

8

App.—Fort Worth, Sept. 29, 2022, no pet.) (affirming the trial court's denial of fees despite a party's "contentious" behavior during litigation); *EON Corp. IP Holdings LLC v. Cisco Sys. Inc*, 2014 WL 3726170, at *5 (N.D. Cal. July 25, 2014) (denying a motion for attorneys' fees even where a party significantly delayed the prosecution of its case in "ways difficult to explain"). The Court maintains its displeasure with the way that Plaintiff's counsel behaved during parts of this litigation. However, Judge Austin previously granted Defendant an award of attorney's fees and costs related to the most serious misconduct that occurred at the deposition of Rex Glendenning. (Order, Dkt. 143, at 11). And after reviewing other cases where courts refused a fees award despite objectionable behavior, the Court does not believe that the behavior in this case rises to the level that warrants an additional and more substantial award of attorneys' fees. Accordingly, the Court finds that this is not an "exceptional case" under the Lanham Act and denies Defendant's request to impose a condition of attorneys' fees onto Plaintiff's request to dismiss its claims.

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Plaintiff's motion to dismiss, (Dkt. 272), is **GRANTED**. Plaintiff's remaining claims against Defendant are **DISMISSED WITHOUT PREJUDICE**. The Court will enter final judgment by separate order.

**SIGNED** on November 15, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE